IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACIE MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-1121-C |
| ) | |
| (1) GRADY COUNTY CRIMINAL ) | |
| JUSTICE AUTHORITY; ) | |
| (2) SHANE WYATT, in his individual ) | |
| and official capacities; ) | |
| (3) LARRY CRABB, in his individual ) | |
| capacity; and ) | |
| (4) NOLA COTTRELL, in her individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stacie Mitchell filed suit against Defendants Grady County Criminal Justice Authority ("GCCJA"), Shane Wyatt, Larry Crabb, and Nola Cottrell alleging various federal and state causes of action arising from her employment with and subsequent termination from the GCCJA. Defendants GCCJA and Wyatt filed the present partial Motion to Dismiss claiming that Plaintiff's Complaint failed to sufficiently plead facts as to her third, fourth, fifth, and sixth causes of action.

I. BACKGROUND

Plaintiff Mitchell worked as a detention officer at the Grady County Jail ("Jail") for approximately two years, where Defendant Wyatt served as the warden. (Pl.'s Compl., Dkt. No. 1, at 2-3.) While working for the Jail, Plaintiff underwent surgery requiring a leave of absence from work. (Id. at 3.) On February 2, 2010, Plaintiff requested extended family

medical leave for outpatient surgery from February 10, 2010, to the date of release to be given by her physician, which Plaintiff claims Defendants Wyatt and Cottrell approved. (Id. at 4.) On February 3, 2010, Plaintiff received an "Employee Disciplinary Notice" stating that she was demoted from sergeant to officer due to alleged violations regarding her attendance and tardiness, which Plaintiff asserts were not legitimate. (Id.) Plaintiff claims that the day before receiving this demotion, her supervisors discussed promoting her to lieutenant. (Id.)

On February 10, 2010, Plaintiff submitted a second emergency leave request for surgery from the same requested date to February 12, a two-day period. On this request, Plaintiff reported her anticipated return-to-work date as "not released by doctor to date." (Id.) Again, Plaintiff claims this request was approved by Defendant Wyatt. On February 12, Plaintiff underwent surgery and subsequent complications required her readmission to the hospital. (Id. at 5.) On April 7, Plaintiff's physician released her to return to work.

In mid-April, Plaintiff discovered that she had been terminated sometime in February; Plaintiff claims Defendant provided two different dates in February as the date of her termination. Id. Plaintiff also claims that she did not receive her final paycheck until the first of April and that Defendant GCCJA failed to pay her February health insurance premium, which caused her to receive large medical bills.

Thereafter, Plaintiff brought suit against Defendants GCCJA, Wyatt, Crabb, and Cottrell based on the following six causes of action: (1) interference with her rights under the FMLA; (2) retaliation for use of entitled leave under the FMLA; (3) violation of her First Amendment rights under the Civil Rights Act; (4) wrongful discharge in violation of

Oklahoma public policy; (5) failure to pay owed compensation under 40 Okla. Stat. § 165.1; and (6) breach of contract for failure to pay benefits.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Rule 8(a) does not require detailed factual allegations, but it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949. A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions—"a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555.

When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008); Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). A court is not bound to accept as true a plaintiff's legal assertions. Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949-50.

3

III.  DISCUSSION

Defendants GCCJA and Wyatt filed the present motion seeking dismissal of Plaintiff's third, fourth, fifth, and sixth causes of action arguing that Plaintiff failed to state a claim on which relief can be granted.  Each will presently be discussed in turn.

*A.  42 U.S.C. § 1983*

Plaintiff's third claim, brought under § 1983, asserts that Defendants GCCJA and Wyatt violated her freedom of speech rights under the First Amendment by terminating her in retaliation for complaining about jail safety, lack of training and equipment, and jail staffers' illegal conduct.  (Pl.'s Compl., Dkt. No. 1, at 3.)  "[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern," Garcetti v. Ceballos, 547 U.S. 410, 417 (2006), and a public employer "cannot retaliate against an employee for exercising [her] constitutionally protected right of free speech."  Dill v. City of Edmond, Okla., 155 F.3d 1193, 1201 (10th Cir. 1998).

Defendants claim Plaintiff's Complaint fails to address with any specificity what actions were taken, and by whom, that caused a violation of her constitutional rights.  However, in her Complaint, Plaintiff alleges that Defendants GCCJA and Wyatt violated her First Amendment right to free speech by retaliating against Plaintiff for "express[ing her] concerns to Defendant Wyatt and to other members of management about the safety of her and her crew caused by a lack of training and equipment and about other improper and illegal actions of Jail staff, including the failure to follow statutes and regulations governing the operation of jails."  (Pl.'s Compl., Dkt. No. 1, at 3.)  Plaintiff additionally alleged that

Defendant Wyatt was acting under color of state law and, in his capacity as warden, was a final policymaker.

Plaintiff is not required to plead detailed facts to sufficiently plead a claim, and she has done more than generally allege a "wide swath of conduct"—she has identified to whom she spoke, the subject matter on which she spoke, and the alleged illegal retaliation she received for making these comments. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). Defendants' substantive contentions with Plaintiff's claim are issues better addressed at the summary judgment stage.

## B. Burk Tort

Defendant GCCJA seeks dismissal of Plaintiff's Burk tort claim on the basis that Plaintiff failed to establish what public policy was allegedly violated by Plaintiff's termination. See Burk v. K-Mart Corp., 1989 OK 22, ¶ 19, 770 P.2d 24, 29 (establishing tort liability and an exception to employers' right to discharge at-will employees when the discharge violates public policy). Specifically, Defendant claims that Plaintiff did not sufficiently plead the factual basis for her claim nor did she sufficiently cite supportive law establishing a public policy violation. However, the case law Defendant cites as support for its conclusion that Plaintiff insufficiently pled her claim arises in the summary-judgment context, not an insufficient-pleading context. See Reynolds v. Advance Alarms, Inc., 2009 OK 97, ¶ 1, 232 P.3d 907, 908 (answering certified question posed by federal district court at summary judgment stage); McCardy v. Okla. Dep't of Pub. Safety, 2005 OK 67, ¶ 5, 122

5

P.3d 473, 474 (reviewing grant of summary judgment); Barker v. State Ins. Fund., 2001 OK 94, ¶ 16, 40 P.3d 463, 468 (reviewing grant of summary judgment).

In her Complaint, Plaintiff stated that it was against public policy to terminate an employee in retaliation for reporting illegal activities and safety conditions, regardless of whether the reporting was within the employer entity or outside it. See Barker, 2001 OK 94, ¶ 16, 40 P.3d at 468. As a factual basis for her claim, Plaintiff alleges that due to statements made to her supervisor regarding safety and illegal conduct within the workplace, she was terminated, which violated Oklahoma public policy. (Pl.'s Compl., Dkt. No. 1, at 3, 6-7.) Additionally, Plaintiff alleges that Oklahoma public policy "protect[s] citizens' right of freedom of expression pursuant to Okla. Const. art. 2, § 22." (Id. at 7.) While Plaintiff has not detailed the facts supporting her claim, she has alleged sufficient facts to "nudg[e her] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, Plaintiff has sufficiently pled her Burk tort claim to survive Defendants' present motion.

## C. Failure to Pay

As to Plaintiff's failure-to-pay-benefits claim, Defendant GCCJA asserts that the relevant statute does not include the payment of medical benefits and, therefore, Plaintiff failed to sufficiently plead this claim. Pursuant to Oklahoma law, employees are entitled to recover unpaid wages from their employers. 40 Okla. Stat. § 165.1 et seq. "Wages" are defined as including "salaries, commissions, holiday and vacation pay, overtime pay, severance or dismissal pay, bonuses and other similar advantages agreed upon between the

employer and the employee, which are earned and due, or provided by the employer to his employees in an established policy, whether the amount is determined on a time, task, piece, commission or other basis of calculation." Id. § 165.1(4); see also Biggs v. Surrey Broadcasting Co., 1991 OK CIV APP 40, ¶¶ 12-13, 811 P.2d 111, 114.

Defendant cites no case law supporting its conclusion that medical benefits are not included as wages; instead, Defendant argues that § 165.11 distinguishes between the payment of health insurance and wages, which evidences the exclusion of benefits from the definition of wages in § 165.1(4). (Defs.' Br., Dkt. No. 13, 8-9.) However, the governing statutory language is not so clear. "[O]ther similar advantages agreed upon . . . which are . . . provided by the employer to his employees in an established policy" could easily be read to include medical benefits under an established health insurance policy. § 165.1(4). Nonetheless, this issue need not presently be decided. Even if wages did not include insurance, Plaintiff has sufficiently pleaded a claim for late payment of her salary to survive the present motion to dismiss.

In her Complaint, Plaintiff pleaded specific facts regarding Defendant's allegedly wrongful nonpayment of her medical benefits and the late payment of her wages. (Pl.'s Compl., Dkt. No. 1, at 6, 9-10.) Plaintiff alleged that after granting her medical leave, Defendant GCCJA refused to pay her health insurance through February and refused to pay her earned wages until over a month after her termination. (Id.) Viewing the facts in Plaintiff's favor, Defendant is not entitled to dismissal of this claim.

### D. Breach of Contract

Finally, Defendant GCCJA argues that Plaintiff failed to sufficiently plead her breach-of-contract claim because she did not provide enough facts supporting the existence of a contract. Specifically, Defendant complains of Plaintiff's failure to establish when the alleged agreement was reached and by whom. (Defs.' Br., Dkt. No. 13, at 11.) Plaintiff counters that all she needed to plead to survive dismissal was the existence of a contract and a subsequent breach of that contract, which she did. (Pl.'s Br., Dkt. No. 21, at 14.)

In her Complaint, Plaintiff argues that part of her compensation package included payment of medical insurance and that Defendant breached its agreement to compensate Plaintiff when it failed to pay her February policy coverage. (Id.) While it is true that Plaintiff does not go into detail as to how or between whom this contract was specifically formed, Plaintiff is not required to do so at this stage. Therefore, Defendant's asserted dismissal of this claim is not presently warranted.

### IV. CONCLUSION

Construing all facts and inferences in favor of Plaintiff, she has sufficient pled her claims to survive Defendants' present Motion to Dismiss. Accordingly, Defendants' Motion to Dismiss (Dkt. No. 13) is DENIED.

IT IS SO ORDERED this 15th day of February, 2011.

_____
ROBIN J. CAUTHRON
United States District Judge